UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARVIN PANTALION CARRILLO DE LEON (A#222-557-928)<br>Petitioner,<br>v.<br>WARDEN, CALIFORNIA CITY DETENTION CENTER,<br>Respondent. | No. 1:26-cv-07977-DC-SCR<br><br><u>FINDINGS & RECOMMENDATIONS</u> |

Petitioner is a federal immigration detainee who filed a writ of habeas corpus pursuant to 28 U.S.C. § 2241. This matter was referred to the undersigned by operation of Local Rule 302 and 28 U.S.C. § 636(b)(1).

## I. Factual and Procedural Background

The undisputed record in this case demonstrates that Petitioner is a native and citizen of Guatemala who entered the United States in 2006 without being inspected by immigration officials. He has lived in the U.S. since that time. Immigration and Customs Enforcement ("ICE") arrested him via an administrative warrant on August 4, 2026 after he was released on a personal recognizance bond for a pending DUI charge in Oklahoma. ECF No. 1 at 10. He has been detained by ICE without an individualized bond hearing since his arrest, though his custody re-determination form indicates he did not request a bond hearing upon being arrested by ICE.

ECF No. 1; ECF No. 5 at 2-3, 19. ICE placed Petitioner in removal proceedings under § 212(a)(6)(A)(i) of the Immigration and Nationality Act for being present without being admitted or paroled into the United States. ECF No. 5 at 7. ICE then transferred him to the California City Detention Center, which is located in this judicial district.

In his § 2241 application, Petitioner challenges his ongoing detention as a violation of the Fifth Amendment and the Immigration and Nationality Act ("INA") since he has not been provided a bond hearing pursuant to 8 U.S.C. § 1226(a). ECF No. 1 at 6. Petitioner, whose work as an "independent worker" provides the main income for his household, states that his detention has caused financial hardship for his wife and two minor children. Id. at 7-8. He seeks release or, in the alternative, a bond hearing before an IJ through which the government must establish by clear and concerning evidence that he is a risk of danger or flight. Id. at 8.

Respondent's answer acknowledges that Petitioner is subject to discretionary detention pursuant to 8 U.S.C. § 1226(a), but maintain that the habeas petition should be dismissed on administrative exhaustion grounds since Petitioner did not check the box on the Notice of Custody Determination Form that he wanted a bond hearing before an immigration judge. ECF No. 5 at 2-3, 19. For this same reason, Respondent also argues that the petition is moot. ECF No. 5 at 4.

## II. Exhaustion of Administrative Remedies

"The exhaustion requirement is prudential, rather than jurisdictional, for habeas claims." Hernandez v. Sessions, 872 F.3d 976, 988 (9th Cir. 2017) (citing Singh v. Holder, 638 F.3d 1196, 1203 n.3 (9th Cir. 2011)). Courts may require exhaustion as a prudential matter when "(1) agency expertise makes agency consideration necessary to generate a proper record and reach a proper decision; (2) relaxation of the requirement would encourage the deliberate bypass of the administrative scheme; and (3) administrative review is likely to allow the agency to correct its own mistakes and to preclude the need for judicial review." Puga v. Chertoff, 488 F.3d 812, 815 (9th Cir. 2007) (quoting Noriega-Lopez v. Ashcroft, 335 F.3d 874, 881 (9th Cir. 2003)). "If a petitioner fails to exhaust prudentially required administrative remedies, then 'a district court ordinarily should either dismiss the petition without prejudice or stay the proceedings until the

petitioner has exhausted remedies,'" unless exhaustion is excused. Hernandez, 872 F.3d at 988 (citing Leonardo v. Crawford, 646 F.3d 1157, 1161 (9th Cir. 2011)). The exhaustion requirement may be waived if "administrative remedies are inadequate or not efficacious, pursuit of administrative remedies would be a futile gesture, irreparable injury will result, or the administrative proceedings would be void." Laing v. Ashcroft, 370 F.3d 994, 1000 (9th Cir. 2004). Here exhaustion should be waived because, as explained below, Petitioner's due process rights require a bond hearing with enhanced procedural protections, which would not be available if he were to request a generic bond hearing under 8 U.S.C. § 1226(a) and its implementing regulations.

**III. Statutory Detention Authority**

Noncitizens present without admission who are apprehended in the interior of the United States are subject to discretionary detention under 8 U.S.C. § 1226, not mandatory detention under § 1225(b)(2)(A). See Rodriguez Vazquez v. Bostock, 183 F.4th 1160, 1165 (9th Cir. July 30, 2026). "When a person is apprehended under § 1226(a), an ICE officer makes the initial custody determination. The [noncitizen] will be released if he 'demonstrate[s] to the satisfaction of the officer that such release would not pose a danger to property or persons, and that the [noncitizen] is likely to appear for any future proceeding.'" Rodriguez Diaz v. Garland, 53 F.4th 1189, 1196 (9th Cir. 2022) (citing 8 C.F.R. § 236.1(c)(8)). If a noncitizen wishes to contest the Attorney General's initial custody determination—i.e., the denial or amount of bond—the noncitizen has a right to do so before an IJ "any time before an order [of removal] becomes final." 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1). After such a custody redetermination hearing before an IJ, "an individual detained pursuant to § 1226(a) may request an additional bond hearing whenever he experiences a material change in circumstances." Rodriguez Diaz, 53 F.4th at 1197 (citing 8 C.F.R. § 1003.19(e)).

**IV. Analysis**

It is undisputed that Petitioner, as a noncitizen apprehended in the interior of the United States, was subject to 8 U.S.C. § 1226(a) during his removal proceedings. See Rodriguez Vazquez v. Bostock, 183 F.4th 1160, 1165 (9th Cir. 2026). Accordingly, Petitioner is subject to

the discretionary detention scheme at § 1226(a) and entitled to a bond hearing before an IJ. As Petitioner has yet to receive that entitlement, the undersigned will recommend that the petition be granted on its INA and due process claims and that Respondent be ordered to promptly provide Petitioner with a bond hearing before an IJ.

The Ninth Circuit has held that, generally, allocating the burden of proof to the noncitizen in a generic hearing under 8 U.S.C. § 1226(a) does not violate due process. See Rodriguez Diaz v. Garland, 53 F.4th 1189, 1210-12 (9th Cir. 2022). However, the Court did not foreclose that a noncitizen's "individualized circumstances" may warrant additional procedures. Rodriguez Diaz, 53 F.4th at 1213. A well-recognized factor that can require heightened due process protections in this context is financial hardship caused by a noncitizen's detention. See Velasco Lopez v. Decker, 978 F.3d 842, 851 (2d Cir. 2020) (describing "substantial" private liberty interest where petitioner could not maintain employment or caretake for his ill mother). Here, Petitioner maintains that his family is at serious financial risk from the loss of his main household income. ECF No. 1 at 7, 8. The undersigned finds that this circumstance warrants a heightened due process remedy and recommends that the Respondent be ordered to bear the burden of proof at the hearing by clear and convincing evidence. See Burnett v. Lampert, 432 F.3d 996, 999 (9th Cir. 2005) (federal courts have "a fair amount of flexibility" in fashioning specific habeas relief.).

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Petitioner's application for a writ of habeas corpus (ECF No. 1) be granted on counts one (Due Process).[1]

2. Respondent be ordered to provide Petitioner MARVIN PANTALION CARRILLO DE LEON (A#222-557-928) with a bond hearing before an immigration judge at which the government shall bear the burden of justifying Petitioner's continued detention by clear and convincing evidence, within fourteen (14) days of issuance of any final order in this case, and with at least seven (7) days of advance notice to Petitioner and Petitioner's counsel.

3. Respondent is further directed to file a notice certifying compliance with the above

[1] In the interests of judicial economy, any remaining claims in the § 2241 petition are not addressed herein.

provision within seven (7) days from the date of the bond hearing.

4. If Petitioner is granted release on bond, Respondent shall return all of Petitioner's documents and possessions at the time of release.

5. The Clerk of Court enter judgment for Petitioner and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **three days** after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. The undersigned finds that a shortened objection period is warranted in this case given the nature of the relief at issue as well as the fact that the parties have had sufficient time to submit all of their arguments in written briefs. See United States v. Barney, 568 F.2d 134, 136 (9th Cir. 1978) (per curiam) (stating that 28 U.S.C. § 636(b)(1) sets the maximum objection period and not the minimum); see also Local Rule 304(b). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: October 28, 2026

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE